**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

EDIVANDO GONCALVES DE OLIVEIRA,

   Petitioner,

 v.

LUIS SOTO, et al.,

   Respondents.

Civil Action No. 26-5641 (SDW)

**OPINION**

**IT APPEARING THAT:**

1. Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Edivando Goncalves De Oliveira, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Delaney Hall Detention Facility, New Jersey.  (ECF No. 1).

2. Petitioner is a citizen of Brazil and entered the United States on or about May 26, 2013.  (ECF No. 1 ¶ 21; ECF No. 6-1 at 3).

3. He was detained by the Border Patrol and ultimately released on bond on July 22, 2013.  (ECF No. 6-1 at 3).

4. An immigration judge ordered Petitioner removed *in absentia* on February 20, 2019, but the immigration proceedings were reopened on September 28, 2020.  (*Id.*)

5. He was detained by ICE on May 16, 2026 while he was sitting in his car in a convenience store parking lot.  (ECF No. 1 ¶ 23).  He has not received a bond hearing.  (*Id.*)

6. Respondents filed an answer on May 21, 2026 arguing that Petitioner is properly detained pursuant to 8 U.S.C. § 1225(b)(1) because he was "(i) apprehended at a port of entry or near the border; (ii) placed into expedited removal proceedings; and (iii) passed a credible-fear

screener interview for an asylum claim.  Petitioner thus falls under the mandatory detention requirements of § 1225(b)(1)."  (ECF No. 6 at 3 (internal citations omitted)).

7.      Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

8.      Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process.  Therefore, this Court has habeas jurisdiction over his claims.  *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

9.      This Court concludes that Petitioner is being unlawfully detained under 8 U.S.C. § 1225 because Petitioner was apprehended inside the United States after residing here for an extended period, and therefore he should have been detained under 8 U.S.C. § 1226, which requires an opportunity to seek bond.[1]

10.     The I-213 Form specifically notes that Petitioner is charged with being a noncitizen who is "*present* without admission or parole."  (ECF No. 6-1 at 3 (emphasis added)).  "That language aligns with § 1226(a), not § 1225(b)(1)."  *Dabre v. Soto*, No. 26-cv-2142, 2026 WL 699934, at *2 (D.N.J. Mar. 12, 2026).

---

[1] 8 U.S.C. § 1252(b)(9) does not strip the Court of jurisdiction over Petitioner's challenge to his continued detention because the challenge is collateral to "the removal process," and is not "inextricably linked" to any removal action.  *See Khalil v. President, United States*, 164 F.4th 259, 274 (3d Cir. 2026).

11.     Moreover, Petitioner was originally released on bond after being detained by Border Patrol in 2013.  (ECF No. 6-1 at 3).  Noncitizens who are being held pursuant to § 1225(b) cannot be released on bond; they may only be released on parole pursuant to 8 U.S.C. § 1182(d)(5) "for urgent humanitarian reasons or significant public benefit."  *See Jennings v. Rodriguez*, 583 U.S. 281, 300 (2018).

12.     Since § 1225(b) "detainees can *only* be paroled for urgent humanitarian reasons or significant public benefit, it follows that Petitioner was not detained" pursuant to § 1225(b) in 2013.  *Garcia-Alvarado v. Warden*, No. 25-cv-16109, 2025 WL 3268606, at *3 (D.N.J. Nov. 24, 2025) (emphasis in original) (citing *Jennings*, 583 U.S. at 300).

13.     Accordingly, Petitioner's mandatory detention pursuant to § 1225(b) violates the laws of the United States and Petitioner's Due Process rights.

14.     This Court declines to allow Respondents to transform an unlawful detention into a lawful one through alternative, retrospective, post hoc justification presented mid-litigation, as doing so would give the Government a free pass to violate a person's statutory and constitutional rights first and search for authority later. "The Constitution does not permit the United States Government to target people on the streets, arrest them without serving any papers, deny them meaningful due process, and detain them for arbitrary or indefinite periods of time while they engage in phishing expeditions to justify the arrests."  *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 373 (S.D.N.Y. 2019); *see also Urquilla-Ramos v. Trump*, __ F. Supp. 3d __, No. 2:26-cv-00066, 2026 WL 475069, at *17 (S.D.W. Va. Feb. 19, 2026) ("Due process is not satisfied by the existence of legal authority somewhere in the United States Code. It is satisfied only through constitutionally adequate procedure."); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 486 (S.D.N.Y. 2025) (releasing petitioner and explaining that the court "cannot credit [r]espondents'

3

new position as to the basis for ... detention, which was adopted post hoc and raised for the first time in this litigation."); *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 46 n.8 (M.D. Pa. 2025) (releasing petitioner and discussing the impropriety of allowing the government to proceed on "post hoc justifications for detention").

15.     Therefore, this Court will grant the Petition and order Petitioner's release.

16.     An appropriate order follows.

_____
Hon. Susan D. Wigenton,
United States District Judge
Dated: May 26, 2026

4